5

JaVonne M. Phillips, Esq. SBN 187474
Mishaela J. Graves, Esq. SBN 259765
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800
Fax (619) 685-4810

Attorney for: Secured Creditor,
Wells Fargo Bank, N.A. as Trustee under Pooling and Servicing Agreement Dated as of August 1, 2005 Asset-Backed Pass-Through Certificates Series 2005-WHQ4, it assignees and/or successors, and the servicing agent Barclays Capital Real Estate Inc. dba HomEq

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) Case No. 10-21264 |
| | ) |
| Nancy Kain, | ) DC No. MIG-1 |
| | ) |
|       Debtor. | ) Chapter 7 |
| _____ | ) |
| Wells Fargo Bank, N.A. as Trustee under Pooling and Servicing Agreement Dated as of August 1, 2005 Asset-Backed Pass-Through Certificates Series 2005-WHQ4, it assignees and/or successors, and the servicing agent Barclays Capital Real Estate Inc. dba HomEq Servicing, | ) **MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER)** ) ) ) ) ) ) Date: 03/16/2010 ) Time: 9:31 AM |
| | ) Ctrm.: 32, Sixth Floor |
|       Secured Creditor, | ) Place: 501 I Street, |
| | )        Sacramento, CA |
|   v. | ) |
| | ) Judge: Thomas Holman |
| Nancy Kain, Debtor; Jan P. Johnson, Chapter 7 Trustee, | ) ) ) |
|       Respondents. | ) ) |
| _____ | ) |

Wells Fargo Bank, N.A. as Trustee under Pooling and Servicing Agreement Dated as of August 1, 2005 Asset-Backed Pass-Through Certificates Series 2005-WHQ4, it assignees and/or successors, and the servicing agent Barclays Capital Real Estate Inc. dba HomEq Servicing ("Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362, as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to obtain possession of the property commonly known as 2161 Shielah Way, Sacramento, CA 95822, ("Property" herein). Cause exists because, as of petition date, Debtor had no right to continue occupancy of the premises as Movant acquired title to the premises by foreclosure sale pre-petition and recorded the deed within the period provided by state law for perfection.

A copy of Secured Creditor's Relief From Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

Prior to the filing of the instant bankruptcy petition, Movant sold the property at public auction on 06/19/2007. A Trustee's Deed Upon Sale conveying the property to Movant was recorded in the Official Records of Sacramento County, California on 06/29/2007, within the period provided by state law for perfection. A copy of said Trustee's Deed is attached hereto marked **Exhibit "1"** and made a part hereof.

A Notice for Possession was posted on 06/27/2007. A copy of said Notice for Possession and Proof of Service is attached hereto marked **Exhibit "2"**. The Summons and Complaint was filed with the court on 07/25/2007 (Case No. 07UD06360). A copy of filed Summons and Complaint is attached hereto marked **Exhibit "3"**.

The matter was initially set for an Unlawful Detainer trial on 11/09/2007, but on that date, Debtor filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, Eastern District of California, Case No. 07-29572. Debtor was subsequently dismissed on 02/14/2008 and the case was terminated on 09-17/2008. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "4"**.

The matter was again set for an Unlawful Detainer trial, this time on 03/26/2008. On 03/25/2008, Debtor's co-defendant in the Unlawful Detainer matter, Gil Daggett, filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, Eastern District of California, Case No. 08-23629. Mr. Daggett was subsequently dismissed on 06/27/2008 and the

2    File No. CA-10-21522/ Case No. 10-21264
Motion for Relief from Automatic Stay

case was terminated on 12/22/2009. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "5"**.

The matter was again set for an Unlawful Detainer trial, this time on 08/20/2008. On 08/19/2008, Debtor Nancy Kain filed a second Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, Eastern District of California, Case No. 08-31576. Debtor was dismissed on 02/19/2009 for failure to make plan payments and the case was terminated on 06/09/2009. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "6"**.

The matter was again set for an Unlawful Detainer trial, this time on 02/02/2009. On 01/29/2009, Debtor's co-defendant in the Unlawful Detainer matter, Gil Daggett filed a second Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, Eastern District of California, Case No. 09-21459. Debtor was subsequently dismissed on 03/16/2009 for failure to file information and the case was terminated on 09/28/2009. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "7"**.

The matter was again set for an Unlawful Detainer trial, this time on 05/26/2009. On that same date, Debtor's co-defendant in the Unlawful Detainer matter, Gil Daggett filed a third Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court, Eastern District of California, Case No. 09-30538. Debtor was subsequently dismissed on 07/30/2009 and the case was terminated on 10/27/2009. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "8"**.

The matter was once again set for an Unlawful Detainer trial on 10/19/2009. On that date, Debtor and co-defendant Gil Daggett appeared before Judge Jerilyn L. Borack. Debtor and her co-defendant made a settlement offer and the matter was continued to 10/26/2009. On 10/26/2009, all parties again appeared before Judge Borack and agreed to a stipulated judgment reflected in the court record and memorialized in the order entered on 12/15/2009. A copy of said Stipulated Judgment and the Order is attached hereto marked **Exhibit "9"**. A Writ of Possession was subsequently issued on 01/08/2010. A copy of said Writ is attached hereto marked **Exhibit "10"**.

The instant case was filed on 01/20/2010 and Movant alleges that this is the **<u>sixth</u>** bankruptcy filed in bad faith as a scheme to hinder, delay or defraud creditors. Debtors have spent the better part of three years in the subject Property, without making regular payments to Movant, and filing for bankruptcy every single time the matter is set for an Unlawful Detainer

trial. Furthermore, Debtor and her co-defendant in the Unlawful Detainer matter stood before the Court on 10/26/2009 and stated, under penalty of perjury, that they fully understood the terms of the Stipulated Judgment into which they were entering and agreed to be bound by said terms. Instead of tendering the agreed-upon purchase price or vacating and paying the agreed-upon monetary damages to Movant by 01/05/2010 as agreed, Debtor filed her third bankruptcy petition.

    Neither Debtor nor her co-defendant in the Unlawful Detainer matter are an owner of the subject Property and such Property is not necessary to an effective reorganization. The Debtor continues to be in possession of the subject property without Movant's permission or consent and in violation of the Stipulated Judgment Debtor and co-defendant willingly entered into on 10/16/2009. Movant is unfairly delayed from obtaining possession of the subject Property because of the Debtor and her co-defendant in the Unlawful Detainer matter's multiple bad faith bankruptcy filings and cause exists under 11 U.S.C. § 362 for the stay to be terminated. Movant is also precluded from perfecting title and proceeding with all post-foreclosure remedies to obtain possession of the subject Property because of the multiple bad faith bankruptcy filings by this Debtor and her co-defendant in the Unlawful Detainer matter. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362.

    WHEREFORE, Secured Creditor prays for judgment as follows:

1. Termination of the stay to allow Movant to enforce its remedies to obtain possession of the Property in accordance with applicable law.
2. For an Order that is binding and effective in any bankruptcy case commenced by or against the above-named Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.
3. For an Order that the Debtor be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.
4. For an Order binding an effective in any bankruptcy case commenced by or against any successors, transferees, assignees or co-defendant in the Unlawful Detainer matter of the above-named Debtor for a period of 180 days from the hearing of this

motion upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. For an Order that the 14-day described by Bankruptcy Rule 4001(a)(3) be waived.
6. For attorneys' fees and costs incurred herein.
7. For such other relief as the Court deems proper.

Dated: February 25, 2010          McCarthy & Holthus, LLP

By: /s/ Mishaela J. Graves
Mishaela J. Graves, Esq.
Attorney for Secured Creditor,
Wells Fargo Bank, N.A. as Trustee
under Pooling and Servicing
Agreement Dated as of August 1, 2005
Asset-Backed Pass-Through
Certificates Series 2005-WHQ4, it
assignees and/or successors, and the
servicing agent Barclays Capital Real
Estate Inc. dba HomEq